IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-63,774-01






EX PARTE RUDY REYES, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

CAUSE NO. 2001CR4034 IN THE 227TH DISTRICT COURT

FROM BEXAR COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offenses of aggravated sexual assault of a child and
indecency with a child, and as to each conviction punishment was assessed at life
imprisonment. Applicant's conviction was affirmed on appeal. Reyes v. State, No. 04-03-00474-CR (Tex. App. --San Antonio, delivered July 28, 2004, no pet.).

 Applicant contends that his convictions were obtained in violation of double jeopardy,
when the evidence at trial was of only one transaction and Applicant was convicted and
sentenced for two offenses.

 The trial court has entered findings of fact or conclusions of law that each offense
requires an element that the other does not and therefore the State was not barred by double
jeopardy from seeking multiple punishments because they were not the same offense. 
However, we do not believe that those findings are sufficient to completely resolve the issue
presented. Because Applicant has stated facts requiring resolution and because this Court
cannot hear evidence, it is necessary for the matter to be remanded to the trial court for
resolution of this issue. The trial court shall resolve this issue as set out in Tex. Code Crim.
Proc. art. 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from
defense counsel and anyone else with knowledge of the pertinent facts or it may order a
hearing. In the appropriate case the trial court may rely on its personal recollection.

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to whether the offenses were
committed during the same transaction, episode, or course of conduct; whether the offense
of indecency was incident to the offense of sexual assault; the temporal proximity of the
offenses; and whether Applicant committed the offenses with one continuing intent. The trial
court shall also make any further findings of fact and conclusions of law it deems relevant
and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. The trial court shall resolve
the issues presented within ninety (90) days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred twenty (120) days of the date of
this order. (2)


 IT IS SO ORDERED THIS THE 1ST DAY OF MARCH, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.